887 F.2d 332
 281 U.S.App.D.C. 104
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Eddie ADAIR, a/k/a Roger McGill, Appellant.
 No. 88-3166.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 23, 1989.
 
 Before BUCKLEY, D.H. GINSBURG, and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties. The issues have been accorded full consideration by the court and occasion no need for a published opinion. See D.C.Cir.Rule 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED AND ADJUDGED that the judgment of the district court be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Eddie Adair appeals his convictions on charges of distribution of heroin and cocaine, the use of a communication facility to distribute heroin and cocaine, possession with intent to distribute cocaine and income tax evasion. Adair argues that exhibit 160, a recorded exemplar of his voice, was admitted without being properly identified or authenticated. Adair also contends that the evidence was insufficient to support his conviction on the charge of possession of cocaine with intent to distribute. Based on a letter submitted to this court from the official court reporter at Adair's trial correcting a typographical error in the record, we find that exhibit 160 was properly authenticated. As we also find Adair's other claim without merit, we affirm Adair's convictions on all counts.
 
 
 5
 Several recorded conversations concerning drug transactions between a person alleged to be Adair and other individuals were central to the government's case against Adair. The government also introduced into evidence exhibit 160, a voice exemplar from Adair, to allow the jury to compare Adair's voice to the voice alleged to be Adair's in the recorded conversations. Testimony at trial authenticated one original recording of Adair's voice exemplar. At one point in the record, the exemplar is referred to as Exhibit 10. That exhibit, however, was not a voice exemplar, but one of the many recorded conversations between a government witness and a person alleged to be Adair discussing drug transactions. Adair argues that exhibit 160 (which is not referred to in the record as transcribed) was not properly identified or authenticated and therefore should not have been admitted into evidence. See Fed.R.Evid. 901.
 
 
 6
 In its brief, the government suggested that the reference to exhibit 10 during the testimony authenticating the voice exemplar was either an inadvertent misstatement by the prosecutor or a typographical error in the record. On October 3, 1989, the government submitted, per Rule 28(j) of the Federal Rules of Appellate Procedure, a copy of a letter, dated September 29, 1989, from the official court reporter at Adair's trial stating that review of his stenotyped notes showed that the reference on page 83 of the transcript to exhibit 10 should have been to exhibit 160 and that the error was the result of a mistranscription. In view of this evidence, it is clear that exhibit 160 was properly authenticated.
 
 
 7
 Adair also argues that the evidence was insufficient to support his conviction on count sixteen of the indictment, the cocaine possession charge. Nine-tenths of a gram of cocaine was found during a search of a house owned by Adair. Adair did not live there, but claimed to have rented the house to others. When the cocaine was found, however, the house appeared to be under renovation and its front door was nailed shut. Only one room in the basement appeared to be inhabited, and it was in that room that the cocaine was found along with a substantially greater quantity of heroin. Mail addressed to Tommy Toomer, shown by the evidence to have helped Adair in several drug transactions, was found in this room. Toomer, however, lived elsewhere.
 
 
 8
 Adair claims there is no evidence that he "was in a position or had the right to exercise dominion and control over the drugs." United States v. Davis, 562 F.2d 681, 684 (D.C.Cir.1977). The evidence, however, shows that the house was uninhabited, that Adair had keys to the house, that Adair had been in the house to obtain drugs just prior to drug sales on one or two occasions (albeit several months before the search), and that Adair had, on many occasions prior to the search, sold drugs of the type found in the house (several grams of heroin and a small amount of cocaine). Adair also asserts that even if he did constructively possess the cocaine, the amount found could not support an inference that he did so with an intention to distribute it. The evidence showed, however, that on at least six prior occasions Adair sold cocaine of like purity in quantities as small or smaller than that found in the house. We find Adair's insufficient evidence claim without merit.
 
 Adair's convictions are therefore
 
 9
 Affirmed.